# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TREVANTAE T. WESTMORELAND,<br><br>Plaintiff,<br><br>v.<br><br>LAKE'S CROSSING CENTER, *et al.*,<br><br>Defendants. | 3:17-cv-00432-MMD-VPC<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is Trevantae Westmoreland's ("plaintiff") application to proceed *in forma pauperis* (ECF No. 1) and his *pro se* complaint (ECF No. 1-1). Having reviewed the record, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted, and that the complaint be dismissed as detailed below.

## I. *IN FORMA PAUPERIS* APPLICATION

As set forth in 28 U.S.C. § 1915(a), the court may authorize a plaintiff to proceed *in forma pauperis* if he or she is unable to pay the prescribed court fees. The plaintiff need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The complaint indicates that plaintiff receives zero income per month, and has no additional assets. (ECF No. 1 at 1, 2.) Based on the foregoing, the court finds that plaintiff is unable to pay the filing fee in this matter. The court therefore recommends that plaintiff's application to proceed *in forma pauperis* be granted.

## II. LEGAL STANDARD

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. Section 1915 provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (2012). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under section 1915 when reviewing the adequacy of a complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

Under Rule 12(b)(6), the court must dismiss the complaint if it fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff must be given some notice of the deficiencies of his or her complaint, and leave to amend, unless the opportunity to amend would be futile. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Despite this leniency, a district court may in its discretion dismiss an *in forma pauperis* complaint if the claim "lacks an arguable basis in either law or fact." *Id.* This includes claims based on untenable legal conclusions (e.g., claims against defendants who are immune from suit) or fanciful factual allegations. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

### III. DISCUSSION

According to the complaint, plaintiff is an adult with mental and physical disabilities. (ECF No. 1-1 at 3; *see* ECF No. 1-2 at 17, 18, 19, 20.) Plaintiff's mother, Karitha Smith ("Smith"), brings this action on plaintiff's behalf, presumably because "plaintiff cannot read nor

write." (ECF No. 1-1 at 5, 9.) Prior to filing this action, plaintiff was arrested and charged with two separate state crimes. (ECF No. 4-6 at 3.) The complaint indicates that plaintiff is in custody at Lake's Crossing Center ("Lake's Crossing"). (ECF No. 1-1 at 8.) From what the court can discern, Lake's Crossing provides plaintiff with treatment and programming to restore plaintiff to legal competency so that he can stand trial for state criminal charges currently pending against him. (*Id.* at 8, 9.)

Smith describes, albeit vaguely, a variety of wrongs committed against plaintiff while he was in custody at Lake's Crossing. Smith does not identify the particular actors involved. (*See Id.* at 4, 6, 7.) She alleges in a generalized fashion that plaintiff was denied "snack or canteen" privileges, phone privileges, visitation privileges, proper medical care by "qualified" doctors, the ability to have other patients read him the bible, and protection from other inmates. (*Id.*) Smith also alleges that Lake's Crossing staff discriminated against plaintiff by treating him differently than other inmates on the basis of his race, religion, and disability. (*Id.* at 4, 10.) Smith claims that these actions constitute a violation of plaintiff's Eighth and Fourteenth Amendment Rights. (*Id.* at 4, 6, 7, 8.) Smith asks the court to place plaintiff in a "more suitable environment for the disabled with special accommodations …." (*Id.* at 14.)

Additionally, Smith claims that M. Edelen ("Edelen"), a law enforcement officer for the Reno Police Department, unconstitutionally coerced plaintiff's confession to a sexual assault charge. (ECF No. 1-1 at 6.) On March 17, 2017, plaintiff was arrested for carrying a concealed "air gun" without a permit. (ECF no. 4-7 at 3.) While plaintiff was in custody, Edelen interviewed plaintiff about allegations that plaintiff sexually assaulted a minor. (ECF No. 4-6 at 3.) Plaintiff waived his Miranda rights and confessed to sexually assaulting a minor in violation of Nevada Revised Statute 200.366. (*Id.*) Smith contends that Edelen coerced plaintiff's confession because plaintiff lacks "knowledge of his civil rights" and because plaintiff cannot read or write. (ECF No. 1-1 at 6.) Smith seeks to have the court declare a "mistrial" in the state criminal proceeding currently pending against plaintiff, or in the alternative, Smith asks that plaintiff's confession "be thrown out as evidence from here on out." (*Id.* at 14.)

Finally, Smith claims that the Public Defenders Office ("the Public Defenders") failed to provide plaintiff with an effective attorney. (*Id.* at 5.) At some point after plaintiff's arrest, a Nevada state court appointed a public defender – Kathryn A.B. Hickman ("Hickman") – to represent plaintiff in the criminal proceeding against him. (ECF No. 1-2 at 2.) On April 14, 2017, plaintiff was declared incompetent to stand trial. (*Id.*) According to Smith, Hickman stated that she will not attempt to dismiss plaintiff's signed confession until plaintiff becomes competent. (ECF No 1-1 at 9.) Rather, Smith alleges that Hickman allowed plaintiff's signed confession to be used "as evidence against [plaintiff]," though Smith does not elaborate further. (*Id.*) As an additional point of concern, Smith states that Hickman did not move for a reduction in plaintiff's bail or request that plaintiff be released on his own recognizance. (*Id.* at 5.) Smith generalizes that Hickman has intimidated plaintiff, hasn't sought "all evidence in [plaintiff's] favor," and, ultimately, "is doing absolutely nothing to defend [plaintiff]." (*Id.* at 9.) Plaintiff requests that this court provide "unbiased legal representation for this case." (*Id.* at 5.) It is unclear whether Smith is asking this court to replace Hickman with a different court-appointed attorney in plaintiff's state criminal trial, or is instead requesting a court-appointed attorney to represent plaintiff in the civil rights action before this court. (*See id.*)

Despite listing the State Bar of Nevada ("the State Bar") as a defendant, the complaint does not raise any claims against the State Bar. (ECF No. 1-1 at 2.)

For the reasons discussed below, the court dismisses plaintiff's claims without prejudice, in part, and with prejudice, in part.

**A.     Smith lacks authority to sue on plaintiff's behalf.**

The Federal Rules of Civil Procedure authorize certain categories of representatives to sue on behalf of a minor or incompetent person – a general guardian, a committee, a conservator, or "a like fiduciary." FED. R. CIV. P. 17(C)(1). If an incompetent litigant is not under the legal authority of a representative listed in Rule 17(c)(1), then he or she may sue only through a guardian ad litem or next friend. *See* FED. R. CIV. P. 17(C)(2). The court may appoint a friend or relative as the incompetent litigant's guardian ad litem upon motion by the friend or relative. *See, e.g.*, *Tuatolo v. Washoe County School District*, No. 3:16-cv-533-MMD-VPC (D. Nev. Jan. 23,

2017) (PacerMonitor). Here, Smith does not indicate whether she is plaintiff's legal guardian, conservator, or "like fiduciary." Nor has she petitioned the court to appoint her as plaintiff's guardian ad litem in this action. Thus, Smith has failed to establish that she is authorized to bring suit on plaintiff's behalf under Rule 17(c).

The court recommends that the complaint be dismissed without prejudice, with leave to amend to provide Smith the opportunity to either establish that she is a representative authorized by Rule 17(c)(1) to bring suit on plaintiff's behalf, or move to be appointed plaintiff's guardian ad litem in this case. Assuming Smith can cure this defect, the court examines the complaint's claims under the 28 U.S.C. § 1915 screening standard, below. 28 U.S.C. § 1915(e)(2)(B) (2012).

**B.     Smith fails to state a claim upon which relief may be granted.**

**1)     *Younger* abstention precludes this court from granting relief.**

In upholding the principles of federalism, federal courts typically will not interfere in ongoing state criminal proceedings by granting injunctive or declaratory relief. *See Younger v. Harris*, 401 U.S. 37, 43–54 (1971). *Younger* abstention is required if "(1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions." *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994). Where all three elements are met, the court must dismiss the federal action because it lacks the discretion to grant relief. *Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988); *see Colorado River Water Conservation District v. United States*, 424 U.S. 800, 816 n.22 (1976). The *Younger* abstention doctrine justifies, as "the normal thing to do," the "withholding of authorized equitable relief because of undue interference with state proceedings…." *New Orleans Public Service, Incorporated v. Council of City of New Orleans*, 491 U.S. 350, 359 (1989).

Here, all three *Younger* factors are met, so the court must abstain from hearing plaintiff's claims against Edelen, Hickman, and the Public Defenders. First, plaintiff's state court criminal case was ongoing at the time of filing; there is no likely alternative explanation to Smith's admission that plaintiff is being restored to legal competency to stand trial, or to Smith's request that this court suppress plaintiff's confession as evidence. (*See* ECF No. 1-1 at 9, 10, 14; ECF

No. 1-2 at 2.) Second, the criminal nature of the proceeding against plaintiff implicates important state interests that justify abstention. *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584 (2013) (prosecuting criminal behavior is an important state interest).

Third, the state criminal proceeding provides plaintiff with ample opportunity to raise many of the federal claims that appear in the complaint. Plaintiff can file a motion to suppress his confession in the state court, or its equivalent, on the grounds that Edelen coerced plaintiff in violation of the Fourteenth Amendment. *See Malloy v. Hogan*, 378 U.S. 1 (1964) (Fifth Amendment right against self-incrimination and coercion applies against state actors through the Fourteenth Amendment). Similarly, plaintiff can raise any federal question he may have as to Hickman's competency by filing a motion for substitution of counsel, or its equivalent, depending on the local rules of the particular state court handling plaintiff's criminal case. *See, e.g.*, LOCAL RULES OF PRACTICE FOR THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, RULE 23 (2016). Smith's reference to "excessive" bail and request for a mistrial are also properly raised by motion in the state criminal court.

Because all three *Younger* factors are met, this court cannot award Smith the relief she requests for her claims against Edelen and Hickman, nor for her claims of excessive bail and mistrial. *Beltran*, 871 F.2d at 782. These claims are subject to dismissal for failure "to state a claim *upon which relief may be* granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (2012).

Because 42 U.S.C. § 1983 is not an appropriate vehicle for plaintiff's claims, dismissal should be with prejudice. When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release, or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is the writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 481–82 (1994). Should plaintiff's criminal case conclude with his conviction, his claims of coercion, ineffective assistance of counsel, excessive bail, and mistrial would entitle him to earlier release. Thus, the court recommends that these claims be dismissed with prejudice because they must be brought in a writ of habeas corpus. *See Cato*, 70 F. 3d at 1106 (dismissal with prejudice proper where amendment would be futile).

**2) Smith fails to allege sufficient facts to support her Eighth Amendment claims.**

Smith's allegations that Lake's Crossing violated plaintiff's Eighth Amendment rights does not provide factually sufficient detail for the court to analyze. Smith's assertions are accompanied by threadbare details and appear largely speculative. For example, Smith has provided no dates whatsoever and does not identify specific actors in any of the listed instances of mistreatment; indeed, many of Smith's allegations are contained in incomplete sentences that lack a subject, making it impossible for the court to identify the intended targets of Smith's claims. (*See* ECF No. 1-1 at 4, 5.) Nor does Smith allege sufficient facts supporting the claim that Lake's Crossing treated plaintiff differently on the basis of his religion, race, or disabilities. Instead, Smith's baldly claims that plaintiff was "verbally mistreated due to disabilities, and [being] African American." (*Id.* at 6.) Plaintiff's most detailed allegation states that an unidentified actor "refuses to let [plaintiff] shower in the same shower room as everyone else due to [plaintiff] being diagnosed with H.I.V/AIDs." (*Id.* at 4.) This is not to say that plaintiff's allegations are unrealistic, nonsensical, or fanciful, but rather that they are too conclusory and factually bare to be entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 681. Although detailed factual allegations are not required at the pleading stage, plaintiff must set forth more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* at 678.

Accordingly, the court recommends dismissal of plaintiff's Eighth Amendment claim against Lake's Crossing without prejudice, with leave to amend to cure the deficiencies listed above, where possible. If Smith chooses to file an amended complaint on plaintiff's behalf, she is advised that she should clarify which constitutional right she believes each defendant has violated and support each claim with factual allegations about each defendant's actions. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362, 376–77 (1976). In addition, plaintiff should clarify the specific type or types of relief sought in this action in order to avoid dismissal. FED. R. CIV. P. 8(a)(3). The court encourages Smith to provide any further factual allegations that may help the court determine whether Lake's Crossing's mistreatment of plaintiff violated federal law.

## IV. CONCLUSION

Consistent with the foregoing, plaintiff's claims of coercion, ineffective assistance of counsel, excessive bail, and mistrial should be dismissed with prejudice because amendment would be futile. *Id.*; *see Cato*, 70 F.3d at 1106. In addition, plaintiff's Eighth Amendment claim against Lake's Crossing, should be dismissed without prejudice, with leave to amend to cure deficiencies described above. 28 U.S.C. 1915(e)(2)(B)(ii).

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** plaintiff's complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that the complaint be **DISMISSED WITH PREJUDICE** as to claims of coercion, ineffective assistance of counsel, excessive bail, and mistrial;

**IT IS FURTHER RECOMMENDED** that plaintiff's Eighth Amendment against Lake's Crossing be **DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND**;

**IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30) days** from the date that this order is entered to file an amended complaint remedying, if possible, the defects identified above. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior

papers that are not carried forward in the amended complaint will no longer be before the court. Plaintiff, or his representative, is advised that if the amended complaint is not filed within the specified time period, the court will recommend dismissal of his complaint WITH PREJUDICE. Plaintiff, or his representative, shall clearly title the amended complaint by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 3:17-cv-00432-MMD-VPC, above the words "FIRST AMENDED COMPLAINT."

**DATED**: October 24, 2017.

_____
**UNITED STATES MAGISTRATE JUDGE**