UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TREVANTAE T. WESTMORELAND,

Plaintiff,

v.

LAKE'S CROSSING CENTER, *et al.*,

Defendants.

Case No. 3:17-cv-00432-MMD-VPC

ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (ECF No. 7) ("R&R") relating to plaintiff's application to proceed *in forma pauperis* ("IFP Application") (ECF No. 1) and *pro se* complaint (ECF No. 1-1). Plaintiff's mother, Katrina Smith, brings this action on his behalf, allegint that Plaintiff "cannot read nor write." (ECF No. 1-1 at 5, 9.) The Magistrat Judge recommends *inter alia* dismissal based on Ms. Smiths' lack of authority to sue on Plaintiff's behalf. Plaintiff filed the objection on November 7, 2017 ("Objection"). The Objection appears to be a letter written by Plaintiff recounting an incident with a detective (Mike Edelen) (ECF No. 9) and attaches a letter from Ms. Smith recounting the same encounter (ECF No. 9-1). Plaintiff also filed an amended complaint (ECF No. 8) without leave of court. For the reasons discussed herein, the Court adopts the R&R.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Plaintiff's Objection, the Court will conduct a de novo review to determine whether to accept the R&R.

The Magistrate Judge makes several recommendations. First, the Magistrate Judge recommends granting Plaintiff's IFP Application, which the Court agrees and accepts this recommendation. Second, the Magistrage Judge recommends dismissing the complaint without prejudice and with leave to amend to give Ms. Smith the opportunity to show that she is an authorized representative under Fed. R. Civ. P. 17(c)(1) to sue on Plaintiff's behalf or move to be appointed as Plaintiff's guardian ad litem in this case. (ECF No. 7 at 4-5.) The Court agrees and therefore accepts this recommendation. Finally, as to the merits of the claims, the Magistrage Judge recommends dismissing the complaint with prejudice as to claims of coercion, ineffective assistance of counsel, excessive bail, and mistrial based on an alleged coered confession to sexual assault based on the *Younger* abstention. (*Id.* at 5-6.) In addition, Judge Cooke recommends that plaintiff's Eighth Amendment claim against Lakes' Crossing Center should be didsmissed without prejudice and with leave to amend because the complaint does not provide sufficient details for the Court to find the a plausible claim for relief. (*Id.* at 7.) The Court agrees with these recommendations.[1]

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 7) is accepted and adopted in its entirety.

It is ordered that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted.

---

[1]Plaintiff filed an amended complaint without leave of court and before the Court addressed the R&R. (ECF No. 8.) Moreover, the amended complaint contains claims that the Court has dismissed. Accordingly, the Court will instruct the Clerk to strike the amended complaint.

1     It is further ordered that the Clerk detach and file the complaint (ECF No. 1-1).

    It is further ordered that the complaint (ECF No. 1-1) is dismissed with prejudice as to claims of coercion, ineffective assistance of counsel, excessive bail, and mistrial.

    It is further ordered that Plaintiff's Eighth Amendment against Lake's Crossing Center is dismissed without prejudice, with leave to amend. Plaintiff will be given thirty (30) days to file an amended complaint to assert his Eighth Amendment claim to the extent Plaintiff is able to cure the deficiencies identified in the R&R. If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff may filed an amended complaint on his own. For Ms. Smith to file an amended complaint on Plaintiff' behalf, Ms. Smith must demonstrate that she is authorized under Fed. R. Civ. P. 17(c)(1) to sue on Plaintiff's behalf. In the altnerative, Ms. Smith must file a motion to be appointed as Plaintiff's guardian ad litem in this case. Plaintiff's failure to file an amended complaint, whether on his own or by Ms. Smith on Plaintiff's behalf, within the 30-day time allowed will result in dismissal of Plaintiff's Eighth Amendment claim without prejudice and without leave to amend.

    It is further ordered that Plaintiff's amended complaint (ECF No. 8) be stricken.

DATED THIS 27th day of December 2017.

                                        MIRANDA M. DU
                                        UNITED STATES DISTRICT JUDGE