UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| TREVANTAE T. WESTMORELAND, | Case No. 3:17-cv-00432-MMD-VPC |
|---|---|
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| LAKE'S CROSSING CENTER, *et al.*, | |
| Defendants. | |

On December 27, 2017, the Court dismissed claims in Plaintiff's complaint with prejudice, except for Plaintiff's Eighth Amendment claim against Lake Crossing Center which the Court dismissed without prejudice and with leave to amend. (ECF No. 10.) With respect to that claim, the Court gave Plaintiff 30 days to file an amended complaint. (*Id.* at 3.) That deadline has has now expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for

failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's dismissal order cautioned Plaintiff that "Plaintiff's failure to file an amended complaint,. . . , within the 30 day time allowed will result in dismissal of Plaintiff's Eighth Amendment claim without prejudice and without leave to amend." (ECF No. 10 at 3.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to amend this claim.

It is therefore ordered that Plaintiff's Eighth Amendment claim is dismissed without prejudice and without leave to amend based on Plaintiff's failure to amend this claim in compliance with this Court's order. The Court previously dismissed the remaining claims with prejudice. (ECF No. 10.)

The Clerk is directed to enter judgment accordingly and close this case.

DATED THIS 8th day of February 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE